IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BRANDON L. JONES,

    Petitioner,

v.                                                                                                                                                       No. 1:24-cv-1201 WJ/LF

FEDERAL BUREAU OF PRISONS,

    Respondent.

**MEMORANDUM OPINION AND ORDER**

    This matter is before the Court on Petitioner's Letter-Pleading, filed November 26, 2024. (Doc. 1). Petitioner is proceeding *pro se* and was incarcerated when he initiated this action. In the Letter-Pleading, Petitioner challenges his sentencing, prison classification, and conditions of confinement. On November 27, 2024, the Clerk's Office sent Petitioner a blank § 2241 form and application to proceed *in forma pauperis*, but Petitioner has not returned the forms. Having reviewed the Letter-Pleading and relevant law, the Court determines that Petitioner must either prepay the $5 habeas filing fee or, alternatively, file a motion to proceed *in forma pauperis*. Any *in forma pauperis* motion must include an inmate account statement. *See* Habeas Corpus Rule 3(a)(2). In addition, if Petitioner wishes to pursue habeas relief, he must file a petition clarifying his habeas claims, as set forth below.

    Because Petitioner is incarcerated, the Letter-Pleading is subject to *sua sponte* screening. *See* 28 U.S.C. § 1915A (requiring screening of prisoner civil rights complaints); Habeas Corpus Rule 4(a) (requiring screening of habeas claims). The Court must dismiss any pleading that is frivolous, malicious, or fails to state a cognizable claim. *Id.* Pro se litigants are not excused from

complying with Rule 8's minimal pleading requirements. "This is so because a pro se [litigant] requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1009 (10th Cir. 1991). Moreover, "it is not the proper function of the Court to assume the role of advocate for a pro se litigant." *Id.* at 1110. Thus, the Court may not "supply additional facts, [or] construct a legal theory for [petitioner] that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Here, Petitioner states he is seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A) and resentencing under Amendment 821, as well as challenging his prison classification and conditions of confinement. (Doc. 1) at 1-4. Petitioner does not name a defendant and does not provide a short and plain statement showing his entitlement to relief as required by Rule 8(a) of the Federal Rules of Civil Procedure. Moreover, it appears the Court addressed Petitioner's sentence under Amendment 821 in Criminal Case No. 11-cr-2994. *See* Memorandum Opinion and Order Granting Sentence Reduction Under Amendment 821, (Doc. 347, filed in Case No. 11-cr-2994). Accordingly, the Court cannot perform its screening function and Petitioner will be required to clarify his claims by filing an appropriate habeas petition on a form provided by the Court. The amended petition must comply with Rule 8(a) and must: identify the criminal case (or cases) to which his request for relief is addressed; specify the defendants against whom he seeks relief; specify the grounds for relief and the facts supporting each ground; and state the relief requested. *See* Habeas Rule 2(b). If Petitioner wishes to challenge the execution of his sentence, he should submit a completed petition under 28 U.S.C. § 2241. *See Davis v. Roberts*, 425 F.3d 830, 833 (10th Cir. 2005) ("[A] challenge to the execution of a sentence

should be brought [as a habeas petition] under 28 U.S.C. § 2241."). He must include the civil action number (24-cv-1201 WJ/LF) on all papers he files. Failure to timely cure both deficiencies (*i.e.*, file an amended Petition on the proper federal form and prepay the $5.00 habeas filing fee or file a motion to proceed *in forma pauperis* along with a certified account statement) will result in dismissal of this action without further notice.

In addition, if Petitioner seeks to raise a civil, not habeas, claim, he must file a separate proceeding under 42 U.S.C. § 1983. *See Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016) (Section 1983 is the "remedial vehicle for raising claims based on the violation of [federal] constitutional rights."). The Clerk's Office will also mail Petitioner a blank § 1983 complaint.

**IT IS THEREFORE ORDERED** that within thirty (30) days of entry of this Order, Petitioner shall: (1) prepay the $5 filing fee or, alternatively, file a motion to proceed *in forma pauperis* along with a certified account statement; and (2) file a completed habeas petition on the proper form. The Clerk's Office shall mail Petitioner an application to proceed *in forma pauperis*, a blank 28 U.S.C. § 2241 habeas petition, and a blank 42 U.S.C. § 1983 civil rights complaint.

/s/
_____
WILLIAM P. JOHNSON
SENIOR UNITED STATES DISTRICT JUDGE